1  Jeremy S. Golden (SBN 228007)
2  Golden & Cardona-Loya, LLP
   3130 Bonita Road, Suite 200B
3  Chula Vista, CA 91910
4  jeremy@goldencardona.com
   Phone: 619-476-0030; Fax: 775-743-0307
5  Attorney for Plaintiff

6

7

8
                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  GAIL P. ARCINIEGA, an individual,   )  Case No.:  **'13 CV 2066 JAH  RBB**
                                         )
12              Plaintiff                )  **COMPLAINT AND DEMAND FOR**
13                                       )  **JURY TRIAL (Unlawful Debt**
    v.                                   )  **Collection Practices)**
14                                       )
15  THE BEST SERVICE COMPANY;            )
    and DOES 1 through 10 inclusive,     )
16                                       )
17              Defendants.              )
                                         )
18                                       )
                                         )
19                                       )
                                         )
20  _____ )

21

22

23                      **I.  INTRODUCTION**

24      1.      This is an action for damages brought by an individual consumer against

25  Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

26  ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act")

27  both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

28  practices.

## II.  JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3.      Plaintiff GAIL P. ARCINIEGA is a natural person residing in the state of California, County of San Diego.

4.      Defendant THE BEST SERVICE COMPANY at all times relevant was a company doing business of collecting debts in San Diego County, California operating from an address at 6700 S. Centinela Ave., Third Floor, Culver City, CA 90230-6304.

5..      Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6.      The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8.      The purported debt that Defendants attempted to collect from Plaintiff was a

1  "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

2      9.     Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code

3  1788.2(h).

4      10.    The purported debt which Defendants attempted to collect from Plaintiff was a

5  "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

6                          **IV.  FACTUAL ALLEGATIONS**

7      11.    The FDCPA was enacted to "eliminate abusive debt collection practices by debt

8  collectors, to insure those debt collectors who refrain from using abusive debt collection

9  practices are not competitively disadvantaged, and to promote consistent state action to

10  protect consumers against debt collection abuses."

11      12.    At a time unknown, Defendant acquired information regarding an alleged debt

12  (the "Debt") in Plaintiff's name.

13      13.    On July 25, 2013 Defendant mailed, and Plaintiff received, a dunning letter

14  demanding payment of the Debt.

15      14.    The July 25, 2013 was the initial communication from Defendant.

16      15.    On August 9, 2013 letter Defendant mailed, and Plaintiff received, a second

17  dunning letter demanding payment of the Debt.

18      16.    The August 9, 2013 letter stated that if Defendant did not hear from Plaintiff

19  within ten days, it would forward her account to its legal department for possible legal action.

20      17.    The August 9, 2013 letter overshadowed and conflicted with the 15 USC

21  §1692g notice in the July 25, 2013 as Plaintiff actually had until August 25, 2013 to dispute

22  the debt and/or request verification.

23      18.    The August 9, 2013 letter falsely stated that Plaintiff did not respond to

24  Defendant's previous contacts.

25      19.    The August 9, 2013 letter implicitly threatened to contact Plaintiff's place of

26  employment because of the false claim that she had failed to respond to Defendant's previous

27  contacts.

28      20.    The August 9, 2013 letter stated if Defendant proceeds with litigation it will

COMPLAINT AND DEMAND FOR JURY TRIAL

1  obtain a judgment.

2      21.    It was a misrepresentation that Defendant would obtain a judgment against

3  Plaintiff as it was not a legal certainty.

## V.  FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

6      22.    Plaintiff repeats, realleges and incorporates by reference all of the foregoing

7  paragraphs.

8      23.    Defendants violated the FDCPA.  Defendants' violations include, but are not

9  limited to, the following:

(a)    The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(b)    The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(c)    The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(d)    The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(e)    The Defendants violated 15 U.S.C. § 1692g(a)-(b) by sending a demand for payment which overshadows, or creates confusion about, the disclosure of the consumer rights.

23      24.    As a result of the above violations of the FDCPA, Defendants are liable to the

24  Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs

25  pursuant to 15 U.S.C. §1692k.

26  //

27  //

28  //

## VI.  SECOND CLAIM FOR RELIEF

### (Against all Defendants for Violation of the Rosenthal Act)

25.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

26.    Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a)    The Defendants violated California Civil Code §1788.10(f) by threatening to take action against the Plaintiff which is prohibited by this title; and

(b)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

27.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28.    As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

29.    Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

//
//
//
//
//
//
//
//
//
//
//
//

1    **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

2   Defendants and each of them for the following:

3           (a)   Actual damages;

4           (b)   Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code

5                 §1788.30(a);

6           (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and

7                 California Civil Code §1788.30(b) and §1788.30(c); and

8           (d)   For such other and further relief as the Court may deem just and proper.

9

10   Date: September 4, 2013

11

12                                 __/s/ Jeremy S. Golden_____
                                   Jeremy S. Golden,
13                                 Attorney for Plaintiff

14

15

16

17                         **DEMAND FOR JURY TRIAL**

18        Please take notice that Plaintiff demands trial by jury in this action.

19

20

21   Date: September 4, 2013

22                                 __/s/ Jeremy S. Golden_____
                                   Jeremy S. Golden,
23                                 Attorney for Plaintiff

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL